Dear Mr. Ponstein:
You have requested an opinion of the Attorney General on behalf of the St. Bernard Parish Government (the "Parish") relative to a supplemental pay increase sought to be implemented for Parish employees. The factual scenario comprising the plan which has been presented for our review is as follows:
The Parish is governed under a home rule charter and operates on a January 1 through December 31 fiscal year. Excerpts from Parish Finance Committee meetings in November and December of 1994, leading to the adoption of the 1995 budget, reflect a desire to grant annual pay increases to all Parish employees. There was disagreement between the Administration and the Parish Council (the "Council") as to which employees should receive the increase. However, excerpts from these meetings reflect the following action with regard to the proposed budget: (1) an immediate restructuring of the pay scales for Department of Public Works employees with corresponding varying annual salary increases for these positions; (2) a 3% annual pay raise for all Parish employees; (3) a 2% annual longevity pay increase; (4) additional annual salary increases based on performance evaluations and a revised wage classification plan for all non-Department of Public Works Parish employees; and (5) the establishment of a contingency fund to pay these additional annual increases based on the submission of the revised pay scales and wage classification plans.
On December 6, Ordinance SBPC#164-12-94 was passed, adopting the 1995 annual operating and capital budget. Funds for all of the annual salary increases enumerated in the preceding paragraph were included in the budget. A notation on the face of the ordinance states that, included as part of the budget is a five page budget message. The message, provides, in pertinent part, the following:
 "Some expected deviations include changes in salaries to reflect the current staffing level and to accommodate for the longevity raises and a 3% wage increase across the board for all employees for 1995. Contingencies have been provided for future adjustments in keeping with current market conditions."
Based on information furnished this office and discussions with representatives of the Parish, we find the following sequence of events to have occurred between January 1 and September 19, 1995.
On January 1, all Parish employees received the 3% raise, and the additional 2% longevity increase was allocated to those eligible employees. The Personnel Board was unable to meet during the months of December through March due to lack of a quorum. However, pursuant to an internal memorandum dated February 24, 1995, the pay scales for Department of Public Works employees were restructured and implemented on March 13, 1995, said increases effective back to January 1, 1995. The Council ratified these adjustments on May 16, 1995, with the understanding that the Administration would present a total revised plan with respect to reclassification and wages for all other Parish employees on or before July 17, 1995. See Resolution SBPC#627-05-95.
The Personnel Board did not meet in the month of June for lack of a quorum. On July 20, 1995, a revised St. Bernard Parish Government Classified Wage Plan (the "Plan"), dated July 15, 1995, was submitted to the Personnel Board. The Board subsequently recommended this, as well as an alternative plan to the Council for its consideration. On August 15, the Council passed Ordinance SBPC#226-08-95 approving and directing the Administration to implement the alternative plan, which not only provided for pay raises for the remaining classified Parish employees based on the Plan, but further increased the base pay of each classification by an additional 50 per hour. In addition, the alternative plan granted a 3% pay increase to all personnel of the St. Bernard Parish Fire Department. The Parish President vetoed the Ordinance on September 1. The veto was over-ridden by the Council at its meeting on September 19.
The issue presented for our consideration is whether the pay increases approved by Ordinance SBPC#226-08-95 may be implemented, retroactively, to January 1, 1995.
We find this issue to be controlled by the provisions of ArticleVII, Section 14(A) of the 1974 Louisiana Constitution. It provides, in pertinent part, the following:
 "Section 14(A). Prohibited uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has consistently opined that the payment of a bonus, or any other gratuitous unearned payment to public employees is prohibited, as same would be tantamount to a donation. In accord, are Attorney General Opinion Nos. 95-323, 92-295, 92-282, 89-190, 88-344 and 80-8056. Essentially, all of these authorities cite the well-established rule that payments of additional compensation to public employees, to be constitutionally valid, must be in the form of salary increases for future services to be rendered, not extra compensation for past services already rendered and recompensed. Various methods attempting to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the authorities cited above were found to be equally invalid.
Conversely, this office does not consider Article VII, Section 14 to prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position inState v. Davis, 359 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied. Therein, the Court held:
 "We are presented with a factual determination: Were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered for which no salary was drawn when the services were rendered?" (Emphasis added.)
In Attorney General Opinion No. 86-639, this office opined that payments representing salary increases from the time a political subdivision contingently adopted a salary proposal to the time the money became available from reserve legal fees could not be made as such would constitute a retroactive payment of raises. Notwithstanding the fact that the political subdivision had previously approved the increases, the approval was contingent upon obtaining the necessary funds.
The situation at hand may be distinguished from that described in Opinion No. 86-639. In fact, it is strikingly similar to the facts presented for our consideration in Opinion No. 92-866. Therein, a municipality adopted its budget ordinance prior to the beginning of the fiscal year. The budget message provided for a 3% cost-of-living increase, as well as additional adjustments to employees pay based upon the subsequent adoption of revised pay plans. Funds were allocated to a reserve account to pay for these salary increases. The pay plans were approved and the increases were granted back to the beginning of the fiscal year. Therein, we held:
 "In this instance, the pay increase was approved, authorized and budgeted prior to the beginning of the fiscal year. While no revised pay plans were submitted to the Council prior to the beginning of the fiscal year . . . the Mayor was directed to comply with the dictates and intent of the Ordinance through whatever means he deemed to be prudent and necessary. Pursuant to the terms of Ordinance No. 0-4094, the Mayor could have implemented the pay increase as of November 1, 1992. Ordinance No. 0-4274 merely reaffirms the action taken under Ordinance No. 0-4094. Of course, if Ordinance No. 0-4274 attempted to broaden or exceed the pay increase as set forth in Ordinance No. 0-4094, the second ordinance could not be given retroactive application."
As previously discussed, annual pay increases for the 3% wage increase, the longevity raises, the revised pay scales for Department of Public Works employees and the additional pay increases for the other Parish employees resulting from job reclassifications were approved, authorized and budgeted prior to the beginning of the fiscal year. The delay in implementing some of these increases was through no fault of the employees. Accordingly, we believe these raises can be given retroactive application back to January 1, 1995.
We focus now on the additional 50¢ per hour increase to each classification and the 3% pay raise to all fire department personnel. We have been advised by representatives of the Parish that these two increases were not initially contemplated, discussed or specifically authorized prior to the beginning of the fiscal year, but rather suggested as an alternative plan by the Personnel Board at its July 20th meeting. A retroactive implementation of these two pay increases clearly exceeds the spirit and intent of the budget ordinance and would constitute a violation of Article VII, Section 14. While these increases may not be given retroactively, they may be granted prospectively.
Due to the time constraints surrounding this opinion, we were unable to verify that the implementation of the pay plan conforms to the provisions of the Parish's Home Rule Charter. We therefore express no opinion on this matter.
Trusting this adequately responds to your request, I am
Very truly yours,
 RICHARD P. IEYOUB
Attorney General
 By: ______________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received:
Date Released: